UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KING SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-19-AGF |
| | ) |
| THE WARDEN & THE DEPUTY | ) |
| WARDEN at NECC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff King Solomon (inmate number 22387) for leave to commence this civil action without prepayment of the filing fee. (ECF No. 2). For the reasons explained below, the motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

**The Complaint**

Plaintiff is a *pro se* litigant currently incarcerated at the Northeast Correctional Center ("NECC") in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983 against the Warden and the Deputy Warden of NECC.

The complaint contains no allegations that can be understood to be related to the conditions of plaintiff's confinement. Instead, it consists mainly of declaratory statements in which plaintiff assumes various titles and mantles of authority. Plaintiff begins the statement of claim by stating he "would like to proclaim [his] Nationality and Divine Creed. In the Prophet, Noble Drew Ali: Who are The Prophet & Founder of the [illegible] Chamber of "The M.S.J. of A. 3rd Heaven; To redeem the people from their sinful ways." He states that all of the "original occupations in the whole world are [his] work and [his] work alone," and anyone engaged in any such occupation is

falsely impersonating him and committing embezzlement. Attached to the complaint is a document titled "Divine Warning by the Prophet Noble Drew-Ali . . .". It purports to warn or instruct certain people about various practices. It contains no allegations that can be understood to be related to the conditions of plaintiff's confinement.

For his prayer for relief, plaintiff states he wants "courthouse officials" to enforce all of his laws, and give the defendants "2,000 years punishment" for falsely impersonating him and for "embezzlement of [his] faith." He further seeks damages in the amount of "$700,707,700 zillion dollars," and "all wealth" because he is "the real King & Queen."

## Discussion

The Prison Litigation Reform Act of 1996 contains what is commonly known as the "three strikes" rule. 28 U.S.C. § 1915(g), *see also Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). It provides, in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Based on a review of cases filed in the United States District Court for the Western District of Missouri, plaintiff[1] accumulated more than three strikes,[2] and that Court has denied plaintiff leave to proceed *in forma pauperis* and dismissed his cases pursuant to § 1915(g).[3] Additionally, plaintiff has filed over twenty cases in this United States District Court in which he has been denied *in forma pauperis* status and his cases have been dismissed pursuant to § 1915(g).[4] Finally, nothing

---

[1] In prior civil actions, plaintiff has identified himself by various names, including Solomon Seales, Soloman Seals, Soloman Seales, Jr., King Solomon Seals, and King Solomon. However, plaintiff's inmate identification number (22387) confirms that the same man initiated all of the actions.

[2] *See Seales v. Groose*, No. 2:95-CV-4187-SOW (W.D. Mo. May 18, 1995) (dismissed July 17, 1995); *Seales v. Moorish Science Temple*, No. 2:95-CV-4246-SOW (W.D. Mo. July 3, 1995) (dismissed Sept. 14, 1995); *Seales v. Groose*, No. 2:96-CV-4053-FJG (W.D. Mo. Feb. 20, 2996) (dismissed Apr. 22, 1996); *Seales v. Groose*, No. 2:96-CV-4232-NKL (W.D. Mo. June 21, 1996) (dismissed Sept. 4, 1996); and *Seals v. Kemna*; No. 5:98-CV-6153-HFS (W.D. Mo. Oct. 16, 1998) (dismissed Nov. 30, 1998).

[3] *See Seales v. Groose*, No. 2:97-CV-4011-NKL (W.D. Mo. Jan. 16, 1997) (dismissed Mar. 17, 1997); *Seales v. Groose*, No. 2:97-CV-4126-SOW (W.D. Mo. May 1, 1997) (dismissed July 2, 1997); *Seals v. Groose*, No. 2:98-CV-4069-SOW (W.D. Mo. Mar. 19, 1998) (dismissed May 20, 1998); *Seals v. Kemna*, No. 2:98-CV-4133-NKL (W.D. Mo. May 27, 1998) (dismissed July 29, 1998); *Seals v. Adept Chamber of Moorish Science*, No. 2:98-CV-4162-NKL (W.D. Mo. June 24, 1998) (dismissed Aug. 21, 1998); *Seals v. Kemna*, No. 2:98-CV-4208-SOW (W.D. Mo. Aug. 21, 1998) (dismissed Nov. 3, 1998); *Seales v. Purkett*, No. 2:99-CV-4043-NKL to No. 2:99-CV-4050-NKL (W.D. Mo. Mar. 2, 1999) (dismissed Apr. 19, 1999); and *Seales v. Jeff. City Corr. Ctr.*, No. 2:99-CV-4210-NKL (W.D. Mo. Aug. 18, 1999) (dismissed Oct. 29, 1999).

[4] *See Seales v. Adams*, No. 4:12-CV-920-AGF (E.D. Mo. May 18, 2012) (dismissed June 1, 2012); *Seales v. Cir. Ct. of St. Louis County, Mo.*, No. 4:12-CV-1004-NAB (E.D. Mo. June 1, 2012) (dismissed June 6, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-1096-NAB (E.D. Mo. June 18, 2012) (dismissed June 26, 2012); *Seales v. Gravett*, No. 4:12-CV-1139-JAR (E.D. Mo. June 21, 2012) (dismissed July 2, 2012); *Seales v. Gilmer*, No. 4:12-CV-1149-ERW (E.D. Mo. June 25, 2012) (dismissed July 5, 2012); *Seales v. Landrum*, No. 4:12-CV-1181-CAS (E.D. Mo. June 27, 2012) (dismissed July 16, 2012); *Seales v. Each Psychologist at PCC*, No. 4:12-CV-1186-CDP (E.D. Mo. June 27, 2012) (dismissed July 23, 2012); *Seales v. Mo. State Prob. and Parole*, No. 4:12-CV-1781-CDP (E.D. Mo. Oct. 1, 2012) (dismissed Oct. 17, 2012); *Seales v. Nixon*, No. 4:12-CV-1829-CAS (E.D. Mo. Oct. 5, 2012) (dismissed Oct. 16, 2012); *Seales v. U.S. Dist. Ct., E. Dist. of Mo.*, No. 4:12-CV-2084-FRB (E.D. Mo. Nov. 5, 2012) (dismissed Nov. 20, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-2237-NAB (E.D. Mo. Nov. 28, 2012) (dismissed Dec. 10, 2012); *Seales v. Scaife*, No. 4:12-CV-2375-SNLJ (E.D. Mo. Dec. 21, 2012) (dismissed Jan. 3, 2013); *Seales v. Hiawatha*, No. 4:13-CV-373-SPM (E.D. Mo. Feb. 27, 2013) (dismissed Mar. 6, 2013); *Seales v. Reese*, No. 4:13-CV-1696-RWS (E.D. Mo. Aug. 23, 2013) (dismissed Sept. 11, 2013); *Seals v. Perkins*, No. 4:17-CV-2205-JCH (E.D. Mo. Aug. 3, 2017) (dismissed Aug. 7, 2017); *Seals v. Griffith*, No. 4:17-CV-2515-SNLJ (E.D. Mo. Oct. 2, 2017) (dismissed Oct. 5, 2017); *Seals v. Muslims*, No. 4:18-CV-1215-RWS (E.D. Mo. July 23, 2018) (dismissed Aug. 27, 2018); *Seals v. Christian Ministries of PCC*, No. 4:18-CV-1401-HEA (E.D. Mo. Aug. 22, 2018) (dismissed Aug. 27, 2018); *Seals v. N.A.A.C.P.*, No. 4:19-CV-809-SNLJ (E.D. Mo. Apr. 1, 2019) (dismissed July 1, 2019); and *Seals v. Jones-Bey*, No. 4:19-CV-2237-JAR (E.D. Mo. July 25, 2019)

in the instant complaint can be construed as an allegation that plaintiff is in imminent danger of serious physical injury. Accordingly, the Court concludes that plaintiff may not proceed *in forma pauperis* in this action, and will dismiss this case pursuant to § 1915(g), without prejudice to the filing of a fully-paid complaint.[5]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

Dated this 10th day of April, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

(dismissed July 29, 2019).

[5] Even if plaintiff did qualify for *in forma pauperis* status, this case would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff's allegations are "clearly baseless" under the standard set forth in *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).